UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER MOONEYHAM,

Plaintiff,

v.

Case No. 25-cv-2170-JPG

GRANITE CITY and TIMOTHY TUBBS,

Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants Granite City and Timothy Tubbs to dismiss plaintiff Christhopher Mooneyham's claims in this case for failure to state a claim and on the basis of qualified immunity (Doc. 17). Mooneyham has responded to the motion (Doc. 19). Mooneyham's claims stem from two encounters he had with Tubbs, a Granite City police officer, that he alleges violated his constitutional rights under the Fourth and Fourteenth Amendments and that resulted in personal injury and property damage. Because Mooneyham pleads all that is necessary in his Complaint, the Court will deny the motion to dismiss.

### I.      Standard for Dismissal

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550

U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

*Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations.  *Bell Atl.*, 550 U.S. at 555.  Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667; *see, e.g., Kaminski*, 8 F.4th at 776-77.

## II.    Fact Alleged

Viewed in Mooneyham's favor, the allegations in the Complaint establish the following relevant facts.

On March 28, 2024, Mooneyham was in a gas station/convenience store in Granite City, Illinois.  Defendant Tubbs and another officer approached Mooneyham, who then left the store. Once outside the store, Tubbs grabbed Mooneyham and slammed him into the pavement, causing him injury to various body parts, including fractured ribs and spinal/neck/head pain. Tubbs's violence caused Mooneyham to have a seizure and lose consciousness.  He was treated

in a hospital for his injuries.  Mooneyham claims Tubbs acted maliciously and without any justification.

Two months later, Tubbs encountered Mooneyham riding his bicycle.  Tubbs grabbed Mooneyham's bicycle and hurled it away, causing damage to his tires and emotional distress to Mooneyham.  Mooneyham claims Tubbs again acted maliciously and without any justification and was targeting him for no rational reason.  After witnesses in a nearby restaurant complained to the Granite City Police Department, the Department gave Mooneyham two new tires.  Nevertheless, the bicycle is less functional that it had been before Tubbs threw it.

Mooneyham filed the Complaint on December 10, 2025.  In Count I, he alleges Tubbs used excessive force in violation of his Fourth Amendment rights for the March 2024 incident.  In Count II, he alleges Tubbs violated his Fourth Amendment right against unlawful seizure of property when he took his bicycle from him.  In Count III, Mooneyham alleges Tubbs violated his Fourteenth Amendment Equal Protection rights by singling him out in the later encounter arbitrarily and for no rational reason other than personal animus.  In Count IV, Mooneyham asks Granite City to pay for any compensatory damages assessed against Tubbs in Counts I through III.

The defendants ask the Court to dismiss Counts I and II on the grounds that, considering facts and circumstances not pled in the Complaint, Tubbs's was reasonable and he was entitled to qualified immunity.  They also ask the Court to dismiss Count III because Mooneyham did not plead any similarly situated individual Tubbs treated differently.  Mooneyham counters that the Complaint is adequate, he does not plead facts establishing a defense to his claims, and the defendants' defenses are more appropriate to be decided on summary judgment.

3

III.    **Analysis**

    A.    <u>Counts I and II:  Failure to State a Claim</u>

The Fourth Amendment[1] forbids unreasonable searches and seizures, including seizures of individuals that involve the use of excessive force.  *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985).  The officer's "use of force is unconstitutional if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Chelios v. Heavener*, 520 F.3d 678, 689 (7th Cir. 2008) (internal quotations omitted).  Whether the use of force was excessive depends on the totality of the circumstances.  *Graham*, 490 at 396.  These circumstances include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or evading arrest.  *Id*.  Where further development of facts may reveal conduct to be objectively unreasonable, courts should hesitate to dispose of a case on a motion to dismiss.  *See Brown v. Indianapolis Metro. Police Dep't*, No. 1:18-cv-03157, 2019 WL 3754018, at *2 (S.D. Ind. Aug. 7, 2019) ("[T]he Fourth Amendment's reasonableness inquiry is fact-intensive and therefore typically inappropriate at the motion-to-dismiss stage.").

The defendants base their motion to dismiss on facts that are not alleged in the Complaint, namely, that in March 2024 Mooneyham was trespassing on private property, that he was acting disorderly, and that he was unruly.  Certainly, evidence of such conduct would be relevant on summary judgment to show whether the facts and circumstances justified Tubbs's slamming Mooneyham to the ground.  Indeed, a substantial number of cases the defendants cite

---

[1] The Fourth Amendment applies to the states through the Fourteenth Amendment.  *Ker v. California*, 374 U.S. 23, 30-31 (1963).

4

are about summary judgment rulings, not motions to dismiss.  However, they are not relevant in the motion to dismiss context where the Court focuses solely on whether the allegations in the Complaint give the defendants fair notice about what Mooneyham claims Tubbs did wrong—they do—and plausibly suggests a right to relief above the speculative level—again, they do.  In Count I, Mooneyham pleads only that, on a particular occasion, Tubbs used force on Mooneyham without justification and beyond what was constitutionally permissible, and that he was injured.  That is enough under federal notice pleading standards.

Even if the Complaint had pleaded facts suggesting Mooneyham was trespassing and was behaving in a disorderly or unruly fashion, the Court would not dismiss Count I.  As the defendants note, whether Tubbs's use of force was objectively reasonable depends on the totality of the circumstances, not the mere fact that Mooneyham may have been misbehaving before Tubbs arrived on the scene or that he became unruly when Tubbs arrived.  The severity of Mooneyham's injuries suggest a great deal of force was used, and the relatively minor misconduct suggests it might have been excessive.  *See McKinney v. Avery*, No. 05-cv-1367, 2006 WL 8445018, at *3 (C.D. Ill. June 30, 2006), *R. & R. adopted*, 2006 WL 8445021 (C.D. Ill. July 18, 2006).  The circumstances informing the reasonableness question must be fleshed out in discovery.

With respect to Count II, the defendants argue that Tubbs's seizure of Mooneyham's bicycle was reasonable in light of his history of unruly behavior and the need to prevent him from fleeing from a lawful stop.  None of those facts are mentioned in the Complaint, which simply pleads that Mooneyham was riding his bicycle when, without lawful justification, Tubbs took his bicycle from him and threw it.  Again, the Complaint gives the defendants fair notice of what Mooneyham claims Tubbs did wrong and plausibly suggests he has a right to relief because

depriving Mooneyham of possession of his bicycle was not justified.

For these reasons, the Court will not dismiss Counts I or II for failure to state a claim.

B.      Counts I and II:  Qualified Immunity

Qualified immunity is an affirmative defense that shields government officials from trial for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000).  It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (*per curiam*).  The qualified immunity test has two prongs:  (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct.  *Pearson*, 555 U.S. at 232; *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

If the plaintiff has stated a claim under the first prong, he must then demonstrate that the right was sufficiently clear at the time of the violation that a reasonable official would have understood that what he was doing violated that right.  *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).  The inquiry must be made focusing on the specific context of the case, not at a high level of generality.  *White v. Pauly*, 580 U.S. 73, 79 (2017).  Nevertheless, even if there is no case speaking to closely analogous facts, the Court may refuse to grant qualified immunity where unlawfulness was obvious in light of preexisting law.  *Taylor v. Riojas*, 592 U.S. 7, 8-9 (2020) (*per curiam*) (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Reed v. Palmer*, 906 F.3d

540, 547 (7th Cir. 2018).

"Because a qualified immunity defense so closely depends 'on the facts of the case,' a 'complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds.'" *Reed*, 906 F.3d at 548 (quoting *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)).  This is because the plaintiff has no obligation to plead detailed facts, and often the qualified immunity defense depends on those facts.  *Reed*, 906 F.3d at 548-49 (citing *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000)).

The defendants argue that Tubbs's use of a take-down maneuver in March 2024, without any more use of force, is not excessive as a matter of law.  This begs the question, though, where the circumstances pleaded do not show that *any* use of force was appropriate, much less force that results in a broken bone, spinal/neck/head injuries, and a seizure.  Mooneyham does not plead facts showing any basis for taking him down, even gently.  As for the deprivation of Mooneyham's bicycle several months later, the circumstances pleaded do not show any rational basis to take and damage the bicycle simply because Tubbs saw him with it.  The law was clear to every reasonable officer that any use of force without circumstances that call for it and that any dispossession of property without a legitimate reason are unreasonable under the Fourth Amendment.  Even without a case with similar facts that is directly on point, any reasonable officer in Tubbs's position would have known their conduct violated the Constitution.  Should Tubbs obtain evidence that the circumstances surrounding his encounters with Mooneyham justify his conduct, he may present that argument on summary judgment, where the Court will examine more than just the allegations of the Complaint.

### C.    Count III:  Class-of-One Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment protects individuals from

governmental discrimination," including different treatment of an individual for no rational reason. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). A plaintiff states a "class-of-one" equal protection claim by alleging an official "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson*, 719 F.3d at 783-84 (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "The classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen.'" *Swanson*, 719 F.3d at 784 (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)).

Generally, "courts look to the treatment of similarly situated individuals" to determine whether "there was no proper motivation for the disparate treatment." *Swanson*, 719 F.3d at 874. But "[i]f animus is readily obvious, it seems redundant to require that the plaintiff show disparate treatment in a near exact, one-to-one comparison to another individual." *Id.* "[A]n 'orchestrated campaign of official harassment directed against [the plaintiff] out of sheer malice,' 'vindictiveness,' or 'malignant animosity' would state a claim for relief under the Equal Protection Clause." *Fenje v. Feld*, 398 F.3d 620, 628 (7th Cir. 2005) (quoting *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995)). And even if the plaintiff were required to *prove* a similarly situated person to prevail on his claim, he is not required to *plead* the specific comparable person in his complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 748 n.3 (7th Cir. 2012).

Mooneyham adequately states a class-of-one equal protection claim. He alleges Tubbs singled him out for seizing his bicycle based on personal animus and no legitimate, rational reason. His allegations do not reveal any rational basis for Tubbs's treatment of Mooneyham

that would overcome his class-of-one claim. *See D.B. ex rel. Kurtis v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013); *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). Whether such a rational basis exists will be an issue for later in the case where the circumstances of the encounter can be fleshed out by discovery.

      D.      <u>Count IV: Indemnification by Granite City</u>

The defendants seek dismissal on the grounds that, in the absence of any other properly pled claim, there can be no obligation to indemnify. However, the Court has declined to dismiss Counts I, II, and III, so Count IV survives as well.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** the defendants' motion to dismiss (Doc. 17).

**IT IS SO ORDERED.**
**DATED: April 30, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**

9